108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary HACKWORTH, Petitioner-Appellant,
v.
Jim THOMAS, Deputy Warden; M. Thomas, Warden; Grant Woods,
Attorney General, Respondents-Appellees.
 No. 95-15499.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Hackworth, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. He contends the district court erred when it dismissed his claims as procedurally barred or, in the alternative, meritless. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo. Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995). We affirm because we find Hackworth's claims meritless.
 
 
 3
 Hackworth contends that appellate counsel was ineffective for failing to argue on appeal that the trial court failed to consider the new presentence report at resentencing. Because the record shows that the trial court considered the new presentence report at resentencing, appellate counsel was not ineffective for failing to raise this issue. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 4
 Hackworth contends that appellate counsel was ineffective for failing to argue on appeal that the trial court erred at resentencing by failing to consider Hackworth's good behavior in prison. Counsel argued at resentencing that Hackworth's new sentence should reflect his good behavior in prison. When the state trial court denied Hackworth's Rule 32 petition, it "presume[d]" it had considered Hackworth's good behavior in prison because it was included in the new presentence report, but noted it was not obligated to do so. Neither state law nor the Constitution mandates that a noncapital defendant's good behavior in prison must be considered at resentencing. Cf. Skipper v. South Carolina, 476 U.S. 1 (1986) (capital defendant's good behavior in prison is relevant mitigating factor at penalty). Because the trial court in a Rule 32 proceeding later considered the claim that at resentencing it had failed to address Hackworth's good behavior in prison, Hackworth's argument that appellate counsel was ineffective for failing to raise the issue on appeal fails for lack of prejudice. See Strickland, 466 U.S. at 687.
 
 
 5
 Hackworth received a two-year sentence enhancement for committing his offenses while on release from other, unrelated charges. Hackworth later was convicted of the charges for which he was on release, but that conviction subsequently was invalidated because of ineffective assistance of counsel. Hackworth contends that appellate counsel was ineffective for failing to argue that his enhancement for committing the offenses while on release must also be invalidated. Because the grounds for reversing the earlier conviction did not impugn the validity of the charges pursuant to which Hackworth was held and released, Hackworth's claim against appellate counsel is legally frivolous.
 
 
 6
 At resentencing, Hackworth was sentenced as a repeat offender because of two prior theft convictions. He maintains that appellate counsel was ineffective for failing to argue that his sentence was unauthorized by state law because he was never charged under A.R.S. § 13-604(D) (two prior nondangerous felonies may serve as predicate offenses for repeat offender sentencing), but only under A.R.S. § 13-604(G) (a prior dangerous felony may serve as predicate offense for dangerous and repetitive offender sentencing). Because the record shows that Hackworth was charged under A.R.S. 13-604(D), Hackworth's claim against appellate counsel lacks merit. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3